**ESTHER SADOWSKY TESTAMENTARY TRUST, Derivatively on Behalf of Federal Home Loan Mortgage Corporation, Plaintiff,**

v.

**FEDERAL HOUSING FINANCE AGENCY, Plaintiff–Appellee,**

v.

**R.S. Bassman, Movant–Appellant,**

Richard F. Syron, Anthony Piszel, Eugene McQuade, Martin Baumann, Barbara T. Alexander, Geoffrey T. Boisi, Michelle Engler, Richard Karl Goeltz, Shaun F. O'Malley, Thomas S. Johnson, Stephen A. Ross, William M. Lewis Jr., Nicholas P. Retsinas, Robert R. Glauber, *Defendants*,

**Federal Home Loan Mortgage Corporation, Nominal Defendant.***

No. 09–3913–cv.

United States Court of Appeals, Second Circuit.

March 4, 2011.

Jonathan W. Cuneo (Matthew E. Miller, on the brief), Cuneo Gilbert & LaDuca LLP, Washington, DC (Steven E. Fineman & Daniel P. Chiplock, Lieff, Cabraser, Heimann & Bernstein LLP, New York, NY; Richard D. Greenfield, Greenfield & Goodman LLC, New York, NY, on the brief), for Appellant.

Howard N. Cayne (David B. Bergman & Ian S. Hoffman, on the brief), Arnold & Porter LLP, Washington, DC (Stephen E. Hart, Federal Housing Finance Agency, Washington, DC, on the brief), for Appellee.

PRESENT: WILFRED FEINBERG, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

R.S. Bassman ("Appellant") appeals from two orders of the United States Dis-

---

* The Clerk of the Court is directed to amend the official caption in accordance with this Order.

trict Court for the Southern District of New York (Jones, *J.*) dated May 6, 2009, 2009 WL 1285982. The first order denied his motion to intervene or appear as *amicus curiae;* the second substituted the Federal Housing Finance Agency as plaintiff in the action below in place of the Esther Sadowsky Testamentary Trust, which originally brought that action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

First, as regards the motion to intervene, our review of the denial of such motions is well-established and highly deferential. "We review the denial of a motion to intervene ... for abuse of discretion." *DSI Assocs. LLC v. United States,* 496 F.3d 175, 182–83 (2d Cir.2007). "When a district court denies permissive intervention, our review is particularly deferential. A denial of permissive intervention has virtually never been reversed." *AT & T Corp. v. Sprint Corp.,* 407 F.3d 560, 561 (2d Cir.2005) (quotation marks, internal citations and alteration omitted). In keeping with this standard, we have no cause to overturn Judge Jones's well-reasoned order denying Appellant's motion.

Second, as regards the appeal from the order of substitution, because the district court did not abuse its discretion in denying Appellant's motion to intervene, he lacks standing to appeal any other order of the district court. *See Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.,* 847 F.2d 1038, 1045 (2d Cir.1998) ("[S]ince we accordingly affirm the order denying intervention, Appellants have no standing to appeal any other order entered by the district court, and their appeals from those orders must be dismissed.").

For the foregoing reasons, the order of the district court denying Appellant's motion to intervene is hereby AFFIRMED. The appeal from the district court's order

of substitution is DISMISSED for lack of standing.